1  KHASHAYAR LAW GROUP
2  DARYOOSH KHASHAYAR, ESQ. (SBN 236496)
   TAYLOR MARKS, ESQ. (SBN 308381)
3  12636 HIGH BLUFF DR., STE. 400
   SAN DIEGO, CALIFORNIA 92130
4  PHONE: (858) 509-1550
   FAX: (858) 509-1551
5  EMAIL: DARYOOSH@MYSDLAWYERS.COM

   ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLAINTIFFS SHAHRIYAR REZAI-HARIRI, on behalf of himself and a class of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MAGIC MOUNTAIN LLC; PARK MANAGEMENT CORP. dba SIX FLAGS DISCOVERY KINGDOM; SIX FLAGS THEME PARKS INC.; DOES 1-50, inclusive<br><br>Defendants. | PLAINTIFFS' CLASS ACTION COMPLAINT FOR:<br><br>1. VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT, CALIFORNIA CIVIL CODE §§ 1750, ET SEQ.<br>2. VIOLATION OF THE UNFAIR COMPETITION LAW, CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, ET SEQ.<br>3. VIOLATION OF THE FALSE ADVERTISING LAW, CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17500, ET SEQ.<br>4. BREACH OF EXPRESS WARRANTY<br>5. NEGLIGENT MISREPRESENTATION<br>6. UNJUST ENRICHMENT<br>7. CONVERSION<br>8. BREACH CONTRACT<br><br>DEMAND FOR JURY TRIAL |

-1-

## INTRODUCTION

Plaintiff SHAHRIYAR REZAI-HARIRI (hereinafter, "Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendants MAGIC MOUNTAIN LLC. ("MAGIC MOUNTAIN"), PARK MANAGEMENT CORP. dba SIX FLAGS DISCOVERY KINGDOM ("DISCOVERY KINGDOM") and SIX FLAGS THEME PARKS INC. ("SIX FLAGS"). Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

## FACTS COMMON TO ALL CAUSES OF ACTION

1. Defendants have made the baffling decision to keep charging all of its customers monthly membership fees while prohibiting access to Six Flags Magic Mountain as the novel coronavirus, COVID-19, rages throughout the world and the United States economy has gone into a deep recession.

2. Defendant MAGIC MOUNTAIN is the owner, operator, or lessor of Six Flags Magic Mountain, an amusement park located in Valencia, CA. The park contains two separate elements – Six Flags Magic Mountain and Hurricane Harbor LA. (For the purposes of this complaint, "Six Flags Magic Mountain" shall refer to the entirety of the amusement park complex located at 26101 Magic Mountain Pkwy, Valencia, CA 91355.)

3. Defendant DISCOVERY KINGDOM is the owner, operator, or lessor of Six Flags Discovery Kingdom, an amusement park located in Vallejo, CA.

4. Plaintiff is informed and believes that Defendant SIX FLAGS THEME PARKS INC. is the parent company of Defendants MAGIC MOUNTAIN and DISCOVERY KINGDOM and the owner, operator, or lessor of Six Flags amusement parks throughout the United States. Together, Defendants offer a

number of different options for visitors to their parks. Visitors can choose to purchase a single-day ticket, a "Season Pass," or a "Six Flags Membership." A "Season Pass" allows unlimited entry into Six Flags Magic Mountain & Hurricane Harbor (a waterpark located within Six Flags Magic Mountain) and Discovery Kingdom, among other benefits, while a "Six Flags Membership" offers varying levels of access and benefits and allows the holder to visit any of the Six Flags theme parks located throughout the United States, including other parks in California.

5. A "Season Pass" currently retails at $289.00 per year, with various seasonal promotions affecting the rate. A "Six Flags Membership" current retails between approximately $240.00 to $505.00 per year, with various seasonal promotions affecting the rate. (Collectively, "Season Pass" or a "Six Flags Membership" shall be referred to as the "Membership.")

6. To sign up for Defendants' Memberships, customers provide Defendants with their credit card or debit card information. Defendants then automatically charges its customers' credit or debit cards as payments are due on a monthly basis.

7. On March 13, 2020, Defendants announced that they were closing Six Flags Magic Mountain and Six Flags Discovery Kingdom. However, unlike its competitors in the industry, Defendants continued charging its thousands of customers monthly fees – at full price. Defendants are able to unilaterally charge its customers monthly fees without their consent, as it is in possession of its customers' debit and credit card information. Thus, Defendants have made the deliberate decision to bilk its customers out of untold sums per months while its customers do not have access to Defendants' parks. The sole reason Defendants' customers pay monthly membership fees is to have access to parks like Six Flags Magic Mountain, which is advertised to be available seven days a week. Now,

Defendants are charging its customers full price while denying its customers all access to all of Defendants' parks.

## PARTIES

8. Plaintiff SHAHRIYAR REZAI-HARIRI was, at all relevant times, an individual residing in the State of California and is currently subscribed to Defendant MAGIC MOUNTAIN'S "Season Pass" program at a rate of $6.95 per month. Plaintiff has had a "Season Pass" and paid monthly since 2014. On or around March 25, 2020, Defendants charged Plaintiff's credit card the $6.95 monthly fee even though Plaintiff does not have access to Six Flags Magic Mountain and has not been able to access the parks since March 12, 2020. Plaintiff would not have paid for the membership, or would not have paid for it on the same terms, had he known that he would not have access to Six Flags Magic Mountain for a period of months.

9. Defendant MAGIC MOUNTAIN LLC is now, and at all times mentioned in this Complaint, a limited liability company domiciled in the State of California, with its principal place of business located at 26101 Magic Mountain Parkway, Valencia CA 91355.

10. Defendant PARK MANAGEMENT CORP. dba SIX FLAGS DISCOVERY KINGDOM is now, and at all times mentioned in this Complaint, a corporation domiciled in the State of California, with its principal place of business located at 1001 Fairgrounds Drive, Vallejo, CA 94589.

11. Defendant SIX FLAGS THEME PARKS INC. is now, and at all times mentioned in this Complaint, a corporation domiciled in the State of Texas, with its principal place of business located at 924 East Avenue J, Grand Prairie, TX 75050.

12. Plaintiff is currently unaware of the true names and capacities of the other defendants sued in this action and therefore have named them by the fictitious names DOES 1 through 50, inclusive. Plaintiff will amend this complaint

to allege the true names and capacities of such fictitiously named defendants when they are ascertained.

13. Plaintiff is informed and believe and on that basis allege that each defendant sued in this action, including each defendant sued by the fictitious names DOES 1 through 50, inclusive, is responsible in some manner for the occurrences, controversies and damages alleged below. (Defendants MAGIC MOUNTAIN, DISCOVERY KINGDOM, SIX FLAGS, and DOES 1 through 50, inclusive, are hereinafter collectively referred to as "Defendants".)

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000, exclusive of interest and costs, and most members of the proposed nationwide class are citizens of states different from the states of Defendant.

15. This Court has general jurisdiction over Defendants MAGIC MOUNTAIN and DISCOVERY KINGDOM because they are headquartered in California. Further, the Court has general jurisdiction over Defendant SIX FLAGS because it conducts substantial business within California such that Defendant has significant, continuous, and pervasive contacts with the State of California.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the challenged fee practices have been committed in this District, Defendant MAGIC MOUNTAIN is headquartered in this District, and because Plaintiff resides and suffered the alleged harm in this District.

## CLASS REPRESENTATION ALLEGATIONS

17. Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23 on behalf of a Class consisting of all persons in the United States who were charged fees for Memberships during period in which Defendants' amusement parks were and are closed.

18. Plaintiff reserves the right to amend or modify the Class definition with greater specificity or further division into subclasses or limitation to particular issues as discovery and the orders of this Court warrant.

19. Excluded from the Class are the Defendants, the officers and directors of the Defendants at all relevant times, members of its immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants has or had a controlling interest.

20. Plaintiff is a member of the Class he seeks to represent.

21. Defendants have thousands of customers that have paid or were charged fees while Six Flags Magic Mountain and Six Flags Discovery Kingdom were closed. Accordingly, members of the Class are so numerous that their individual joinder herein is impracticable. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

22. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to, whether Defendants have breached its contract with its customers and whether their actions are fraudulent and unlawful.

23. The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was exposed to Defendants' false and misleading advertising and was charged membership fees despite being barred from entry into Six Flags Magic Mountain and Six Flags Discovery Kingdom, and suffered losses as a result.

24. Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the Class members Plaintiff seek to represent, Plaintiff has retained competent counsel experienced in prosecuting

class actions, and Plaintiff intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

25. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## FIRST CAUSE OF ACTION

**Violation of California's Consumers Legal Remedies Act,**

**California Civil Code §§ 1750, et seq.  (Injunctive Relief Only)**

**(By Plaintiff Against All Defendants)**

26. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

27. Plaintiff brings this claim individually and on behalf of members of the proposed Class against Defendants.

28. Plaintiff and Class members are consumers who paid fees for use of Defendants' parks for personal use. Plaintiff and the Class are "consumers" as that term is defined by the Consumers Legal Remedies Act ("CLRA") in Cal. Civ. Code § 1761(d).

29. Defendants' park access to Six Flags Magic Mountain and Six Flags Discovery Kingdom that Plaintiff and Class members purchased from Defendant was a "service" within the meaning of Cal. Civ. Code § 1761(b).

30. Defendants' actions, representations, and conduct have violated, and continue to violate the CLRA, because they extend to transactions that intended to result, or which have resulted in, the sale of services to consumers.

31. Defendants' advertising that Six Flags Magic Mountain and Six Flags Discovery Kingdom would be available to its customers year-round, seven days a week other than select holidays[1], and that its customers would have access to its parks upon paying a membership fee is false and misleading to a reasonable consumer, including Plaintiff, because Defendants in fact closed Six Flags parks in California but continues to charge its customers the full price of membership.

32. Cal. Civ. Code § 1770(a)(5), prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have." By engaging in the conduct set forth herein, Defendants violated and continue to violate Section 1770(a)(5) of the CLRA, because Defendants' conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendants misrepresent the particular characteristics, benefits and quantities of the services.

33. Cal. Civ. Code § 1770(a)(7) prohibits representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. By engaging in the conduct set forth herein, Defendants violated and continue to violate Section 1770(a)(7) of the CLRA, because Defendants' conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendants misrepresent the particular standard, quality or grade of the services.

---

[1] https://www.sixflags.com/magicmountain/plan-your-visit/park-operating-schedule, last visited April 8, 2020.

-8-

34. Cal. Civ. Code § 1770(a)(9) further prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By engaging in the conduct set forth herein, Defendants violated and continues to violate Section 1770(a)(9), because Defendants' conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendants advertise services with the intent not to sell the services as advertised.

35. Plaintiff and the Class acted reasonably when they purchased a Membership from Defendants on the belief that Defendants' representations were true and lawful.

36. Plaintiff and the Class suffered injuries caused by Defendants because (a) they would not have purchased or paid for Defendants' Memberships absent Defendants' representations and omission of a warning that it would continue charging customers' credit cards and debit cards while the parks were closed; (b) they would not have purchased Memberships on the same terms absent Defendants' representations and omissions; (c) they paid a price premium for Defendants' Memberships based on Defendants' misrepresentations and omissions; and (d) Defendants' Memberships did not have the characteristics, benefits, or quantities as promised.

37. Under California Civil Code § 1780(a), Plaintiff and members of the Class seek injunctive and equitable relief for Defendants' violations of the CLRA. Plaintiff has mailed an appropriate demand letter consistent with California Civil Code § 1782(a). If Defendants fail to take corrective action within 30 days of receipt of the demand letter, Plaintiff will amend his complaint to include a request for damages as permitted by Civil Code § 1782(d).

38. Wherefore, Plaintiff seeks injunctive and equitable relief for these violations of the CLRA.

///
///

## SECOND CAUSE OF ACTION

### Violation of California's Unfair Competition Law

### California Business & Professions Code §§ 17200, et seq.

### (By Plaintiff Against All Defendants)

39. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

40. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

41. Defendants are subject to California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq. The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

42. Defendants' advertising that Six Flags Magic Mountain and Six Flags Discovery Kingdom would be available to its customers year-round, seven days a week, excluding certain holidays, and that its customers would have access to the parks upon paying for a Membership is false and misleading to a reasonable consumer, including Plaintiff, because Defendants in fact closed the parks while continuing to charge its customers the full price of the Memberships.

43. Defendants' business practices, described herein, violated the "unlawful" prong of the UCL by violating the CLRA, the FAL, and California's Health Studio Services Contract Law and other applicable law as described herein.

44. Defendants' business practices, described herein, violated the "unfair" prong of the UCL in that their conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits. Defendants' advertising and its charging of Membership fees while Six Flags Magic Mountain and Six Flags Discovery Kingdom are closed is of no benefit to consumers.

45. Defendants violated the fraudulent prong of the UCL by misleading Plaintiff and the Class to believe that they would only be charged fees when they would have access to Defendants' parks.

46. Plaintiff and the Class acted reasonably when they signed up for Memberships based on the belief that they would only be charged fees when Defendants' parks were open and accessible.

47. Plaintiff and the Class lost money or property as a result of Defendants' UCL violations because (a) they would not have purchased or paid for Defendants' Memberships absent Defendants' representations and omission of a warning that it would continue charging customers' credit cards and debit cards while the park was closed; (b) they would not have purchased the Memberships on the same terms absent Defendants' representations and omissions; (c) they paid a price premium for Defendants' Memberships based on Defendants' misrepresentations and omissions; and (d) Defendants' Memberships did not have the characteristics, benefits, or quantities as promised.

## THIRD CAUSE OF ACTION

**Violation of California's False Advertising Law,**

**California Business & Professions Code §§ 17500, et seq.**

**(By Plaintiff Against All Defendants)**

48. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

49. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

50. California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, et seq., makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or

otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

51.    Defendants engaged in a scheme of charging customers full monthly membership fees while Six Flags Magic Mountain and Six Flags Discovery Kingdom were closed.  Defendants' advertising and marketing of the parks as being accessible year-round misrepresented and/or omitted the true content and nature of Defendants' services.  Defendants' advertisements and inducements were made in and originated from California and come within the definition of advertising as contained in Bus. & Prof. Code § 17500, et seq. in that the promotional materials were intended as inducements to purchase a Membership or other park services, and are statements disseminated by Defendants to Plaintiff and Class members.  Defendants knew that these statements were unauthorized, inaccurate, and misleading.

52.    Defendants' advertising that the parks would be accessible to customers year-round, and that its customers would have access to Six Flags Magic Mountain and Six Flags Discovery Kingdom upon purchasing a Membership is false and misleading to a reasonable consumer, including Plaintiff, because Defendants in fact closed the park while continuing to charge its customers the full price of its Memberships.

53.    Defendants violated § 17500, et seq. by misleading Plaintiff and the Class to believe that they would be charged fees only when they have access to Defendants' parks.

54.    Defendants knew or should have known, through the exercise of reasonable care that its advertising of Six Flags Magic Mountain and Six Flags Discovery Kingdom being accessible year-round is false and misleading.  Further, Defendants knew or should have known that it was breaching its contracts with its customers and fraudulently charging fees when it continued charging fees while

the parks were closed.

55. Plaintiff and the Class lost money or property as a result of Defendants' FAL violation because (a) they would not have purchased or paid for Defendants' Memberships absent Defendants' representations and omission of a warning that it would continue charging customers' credit cards and debit cards while the park was closed; (b) they would not have purchased Memberships on the same terms absent Defendants' representations and omissions; (c) they paid a price premium for Defendants' Memberships based on Defendants' misrepresentations and omissions; and (d) Defendants' Memberships did not have the characteristics, benefits, or quantities as promised.

## FOURTH CAUSE OF ACTION

### Breach of Express Warranty

### (By Plaintiff Against All Defendants)

56. Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

57. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

58. In connection with the sale of Memberships, Defendants issues an express warranty that Six Flags Magic Mountain and Six Flags Discovery Kingdom are accessible every day, year-round, excluding select holidays.

59. Defendants' affirmation of fact and promise in Defendants' marketing became part of the basis of the bargain between Defendants and Plaintiff and Class members, thereby creating express warranties that the services would conform to Defendants' affirmation of fact, representations, promise, and description.

60. Defendants breached their express warranty because Defendants' parks are not accessible every day, year-round. In fact, Defendant charges its customers the full amount of its monthly fees while Six Flags Magic Mountain and Six Flags Discovery Kingdom are closed.

61. Plaintiff and the Class members were injured as a direct and proximate result of Defendants' breach because: (a) they would not have purchased or paid for Defendants' Membership absent Defendants' representations and omission of a warning that it would continue charging customers' credit cards and debit cards while the park was closed; (b) they would not have purchased the Memberships on the same terms absent Defendants' representations and omissions; (c) they paid a price premium for Defendants' Memberships based on Defendants' misrepresentations and omissions; and (d) Defendants' Memberships did not have the characteristics, benefits, or quantities as promised.

## FIFTH CAUSE OF ACTION

### Negligent Misrepresentation

### (By Plaintiff Against All Defendants)

62. Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

63. Plaintiff bring this claim individually and on behalf of the members of the proposed Class against Defendants.

64. As discussed above, Defendants misrepresented that Six Flags Magic Mountain and Six Flags Discovery Kingdom is accessible every day, year-round. However, Defendants in fact charges full price for monthly memberships even when the parks are closed.

65. At the time Defendants made these representations, Defendants knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

66. At an absolute minimum, Defendants negligently misrepresented and/or negligently omitted material facts about its Memberships.

67. The negligent misrepresentations and omissions made by Defendants, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase

Defendants' Memberships.

68. Plaintiff and Class members would not have purchased Defendants' Memberships, or would not have purchased the services on the same terms, if the true facts had been known.

69. The negligent actions of Defendants caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

## SIXTH CAUSE OF ACTION

### Unjust Enrichment

### (By Plaintiff Against All Defendants)

70. Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

71. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

72. Plaintiff and members of the Class conferred benefits on Defendants by paying, and being charged, membership fees while Six Flags Magic Mountain and Six Flags Discovery Kingdom were closed.

73. Defendants have knowledge of such benefits.

74. Defendants have been unjustly enriched in retaining the revenues derived from Plaintiff and Class members' membership fees.  Retention of those moneys under these circumstances is unjust and inequitable because Defendant is charging its customers full price while the parks are closed.  These misrepresentations and charges caused injuries to Plaintiff and members of the Class because they would not have paid Defendants' membership fees had the true facts been known.

75. Because Defendants' retention of the non-gratuitous benefits conferred on it by Plaintiff and members of the Class is unjust and inequitable, Defendants must pay restitution to Plaintiff and members of the Class for their

unjust enrichment, as ordered by the Court.

## SEVENTH CAUSE OF ACTION

### Conversion

**(By Plaintiff Against All Defendants)**

76. Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

77. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

78. Plaintiff and members of the Class had a right to retain their membership fees while Six Flags Magic Mountain and Six Flags Discovery Kingdom were closed; Defendants intentionally charged Plaintiff's and Class members' debit and credit cards in the full amount of the Memberships while Defendants' parks were closed; Plaintiff and Class members did not consent to Defendants' charging of their debit and credit cards while Defendants' parks were closed; Plaintiff and Class members were harmed through Defendants' charging of their debit and credit cards; Defendants' conduct was a substantial factor in causing Plaintiff and Class members' harm.

## EIGHTH CAUSE OF ACTION

### Breach of Contract

**(By Plaintiff Against All Defendants)**

79. Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

80. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

81. Defendants entered into contracts with Plaintiff and Class members to provide access to Six Flags Magic Mountain and Six Flags Discovery Kingdom in exchange for the payment of membership fees. Defendants have breached these contracts by continuing to charge Plaintiff and Class members' debit and credit

cards while the park is close.  Plaintiff and Class members have suffered an injury through the payment of fees for the Membership while not having access to Defendants' parks.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

a) For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class members;

b) For an order certifying the California Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the California Subclass and Plaintiff's attorneys as Class Counsel to represent the California Subclass members;

c) For an order declaring that Defendants' conduct violates the statutes and laws referenced herein;

d) For an order finding in favor of Plaintiff, the Class, and the California Subclass, on all counts asserted herein;

e) For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

f) For prejudgment interest on all amounts awarded;

g)  For an order of restitution and all other forms of equitable monetary relief;

h)  For injunctive relief as pleaded or as the Court may deem proper; and

i)  For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

Respectfully submitted,

Dated: April 10, 2020          KHASHAYAR LAW GROUP

By:   /s/ Khashayar Law Group
      Khashayar Law Group
      Attorney for Plaintiffs